UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONALD DAVIDSON,<br><br>                          Plaintiff,<br><br>-against-<br><br>NEW YORK CITY HEALTH AND<br>HOSPITALS CORPORATION,<br><br>                        Defendant. | 22-CV-764 (RA)<br><br>ORDER OF SERVICE |

RONNIE ABRAMS, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12131, *et seq.*; Section 504 of the Rehabilitation Act of 1973 (Section 504), 29 U.S.C. § 794; Section 2703 of the Affordable Care Act of 2010 (ACA), 42 U.S.C. § 1396a(19); 42 U.S.C. § 1983; various federal regulations; and the New York City and New York State Human Rights Laws, N.Y. Exec. Law § 296, *et seq.* and N.Y.C. Admin. Code § 8-10, *et seq.*, alleging that Defendant discriminated against him because of a disability. By order dated February 1, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, to waive the filing fees.

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be

issued. The Court therefore extends the time to serve until 90 days after the date the summons is

issued. If the complaint is not served within that time, Plaintiff should request an extension of

time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the

plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*,

378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the

information necessary to identify the defendant, the Marshals' failure to effect service

automatically constitutes 'good cause' for an extension of time within the meaning of Rule

4(m).").

　　　To allow Plaintiff to effect service on Defendant New York City Health and Hospitals

Corporation through the U.S. Marshals Service, the Clerk of Court is respectfully directed to fill

out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the

defendant. The Clerk of Court is further instructed to issue a summons and deliver to the

Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the

defendant.

　　　Plaintiff must notify the Court in writing if his address changes, and the Court may

dismiss the action if Plaintiff fails to do so.

SO ORDERED.

Dated:　　April 15, 2022
　　　　　New York, New York

_____
　　　　　　RONNIE ABRAMS
　　　　United States District Judge

## DEFENDANT AND SERVICE ADDRESS

New York City Health and Hospitals Corporation
125 Worth Street
New York, N.Y. 10013