UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

RONALD DAVIDSON,

                                     Plaintiff,    22 CV 764 (RA)(SDA)

                     v.

NYC HEALTH AND HOSPITALS CORPORATION,

                                     Defendant.

---------------------------------------------------------------------- x

**NEW YORK CITY HEALTH & HOSPITAL CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

                                               **HON. SYLVIA O. HINDS-RADIX**
                                               Corporation Counsel
                                                 of the City of New York
                                               Attorney for the Defendants-Respondents
                                               100 Church Street
                                               New York, New York 10007
                                               skitzing@law.nyc.gov
                                               212-356-2087

On the brief,
     Philip Chun
     Summer Honors Intern

## Table of Contents

PRELIMINARY STATEMENT ................................................................................................ 1

FACTS ........................................................................................................................................ 2

ARGUMENT .............................................................................................................................. 6

       POINT I ........................................................................................................................ 9

            PLAINTIFF FAILS TO STATE A CLAIM
            UNDER TITLE II OF THE ADA, SECTION 504
            OF THE REHABILITATION ACT OF 1973, NEW
            YORK STATE HUMAN RIGHTS LAW, OR THE
            NEW YORK CITY HUMAN RIGHTS LAW ......................................... 9

       POINT II ..................................................................................................................... 13

            42 U.S.C. 1396a(a)(19) DOES NOT PROVIDE A
            PRIVATE RIGHT OF ACTION. ........................................................... 13

       POINT III .................................................................................................................... 14

            IF THE COURT ELECTS NOT TO DISMISS
            PLAINTIFF'S NON-FEDERAL CLAIMS ON
            THE MERITS, IT SHOULD DECLINE TO
            EXERCISE SUPPLEMENTAL JURISDICTION
            AND DISMISS THEM. ......................................................................... 14

CONCLUSION ......................................................................................................................... 15

## Table of Authorities

Page(s)

**Cases**

*Ahlers v. Rabinowitz*,
  684 F.3d 53 (2d Cir. 2012)........................................................................................................ 8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................. 6, 7

*Askins v. City of New York*
  2022 U.S. Dist. LEXIS 220076 (S.D.N.Y Dec. 5, 2022)................................................... 9, 11

*Backer v. Shah*,
  788 F.3d 341 (2d Cir. 2015) .................................................................................................. 13

*Bell Atlantic Corp., v. Twombly*,
  550 U.S. 554 (2007) ................................................................................................................ 7

*Blessing v. Freestone*,
  520 U.S. 329, 117 (1997) ...................................................................................................... 13

*Carnegie Mellon Univ. v. Cohill*,
  484 U.S. 343 (1988) .............................................................................................................. 14

*Chambers v. Time Warner, Inc.*,
  282 F.3d 147 (2d Cir. 2002) .................................................................................................... 7

*Cooper v. Parsky*,
  140 F.3d 433 (2d Cir. 1998) .................................................................................................... 6

*Cortec Industries, Inc. v. Sum Holding, L.P.*,
  949 F.2d 42 (2d Cir. 1991) ...................................................................................................... 7

*Costabile v. N.Y.C. Health & Hosps. Corp.*,
  951 F.3d 77 (2d Cir. 2020) ...................................................................................................... 8

*Dean v. Univ. at Buffalo Sch. Of Med. & Biomedical Scis.*,
  804 F.3d 178 (2d Cir. 2015) .................................................................................................... 9

*Emerson v. City of New York*,
  740 F. Supp. 2d 385 (S.D.N.Y 2010) .................................................................................... 14

*Geisler v. Petrocelli*,
  616 F.2d 636 (2d Cir. 1980) .................................................................................................... 6

*Hirsch v. Arthur Andersen & Co.*,
  72 F.3d 1085 (2d Cir. 1995) .................................................................................................... 7

*I.M. v. City of New York*,
  178 A.D.3d 126 (1st Dept 2019) ............................................................................................. 9

*In re Livent, Inc. Noteholders Sec. Litig.*,
  151 F. Supp. 2d 371–06 (S.D.N.Y. 2001) ............................................................................ 6

*LaBounty v. Adler*,
  933 F.2d 121 (2d Cir. 1991) ................................................................................................ 6

*Lakonia Management Ltd. v. Meriwether*,
  106 F. Supp. 2d 540 (S.D.N.Y. 2000) ................................................................................. 7

*Maccharulo v. Gould*,
  643 F. Supp. 2d 587 (S.D.N.Y, 2009) ............................................................................... 10

*McAllister v. Conn. Renaissance, Inc.*,
  496 Fed. App'x 104 (2d Cir. 2012) ..................................................................................... 8

*NextG Networks of NY, Inc. v. City of New York*,
  513 F.3d 49 (2d Cir. 2008) ................................................................................................ 13

*Paulemon v. Tobin*,
  30 F.3d 307 (2d Cir. 1994) .................................................................................................. 7

*Pitchell v. Callan*,
  13 F.3d 545 (2d Cir. 1994) ................................................................................................ 14

*Triestman v. Fed. Bureau of Prisons*,
  470 F.3d 471 (2d Cir. 2006) ................................................................................................ 8

*Yamashita v. Scholastic Inc.*,
  936 F.3d 98 (2d Cir. 2019) .................................................................................................. 7

**Federal Statutes**

28 CFR §35.105 ......................................................................................................................... 4
28 CFR §35.106 ......................................................................................................................... 3
28 CFR §35.107 ...................................................................................................................... 4, 5
28 U.S.C. § 1367 ...................................................................................................................... 14
29 U.S.C. § 705 ........................................................................................................................ 10
29 U.S.C. § 794 ........................................................................................................ 2, 3, 4, 9, 12
42 U.S.C. § 1396a ............................................................................................................ 1, 2, 5, 13
42 U.S.C. § 12131 .................................................................................................................... 10
42 USC § 1983 ......................................................................................................................... 13
45 CFR §84.6 ......................................................................................................................... 4, 5
45 CFR §84.7 ............................................................................................................................. 4
45 CFR §84.8 ............................................................................................................................. 4
Fed. R. Civ. P. 12 ....................................................................................................................... 6
Fed. R. Evid. 201 ....................................................................................................................... 7

**New York State Statutes**

CPLR Art. 78 ............................................................................................................................. 12

N.Y. Exec. L. § 296 .................................................................................................................... 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

RONALD DAVIDSON,

                                                  Plaintiff,

                            22 CV 764 (RA)(SDA)

                      v.

NYC HEALTH AND HOSPITALS CORPORATION,

                                                Defendant.

------------------------------------------------------------------- X

### NEW YORK CITY HEALTH & HOSPITAL CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT.

      Defendant New York City Health & Hospitals Corporation ("H&H") submits this memorandum of law in support of its motion to dismiss the amended complaint (the "Complaint"). As set forth more fully below, Plaintiff has failed to state a claim upon which relief may be granted because: (1) he has not alleged that he was deprived access to any of H&H's programs, services, or activities, (2) 42 U.S.C. § 1396a(a)(19) does not provide a private right of action, and (3) the Court should decline to exercise supplemental jurisdiction over any remaining state law claims. Because he has failed to plead facts that plausibly state a claim for relief under any of the Federal statutes, New York State Human Rights Laws, or New York City Human Rights Laws cited, the Complaint must be dismissed.

## FACTS[1]

Plaintiff Ronald Davidson was an enrollee in H&H Health Home ("HH"), which was established in 2012 by New York State's Department of Health ("DOH") pursuant to the Affordable Care Act ("ACA"). (Complaint, ¶ 14). Plaintiff is also an enrollee in the Care Management Agency ("CMA") program also known as Community Care at H&H's Metropolitan Hospital. *Id.* Plaintiff is a person with a disability under the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973, and the State and City Human Rights Laws, the statutes pursuant to which he asserts claims. *Id.* ¶ 15. Defendant is a public hospital in New York City. *Id.* ¶ 16.

In June of 2021, Plaintiff was referred to the Bellevue Hospital Neurology Clinic for follow up symptoms of a closed-head injury. *Id.* ¶ 33. In July of 2021, Plaintiff's cell phone voicemail recorded a message about setting up a Neurology Clinic appointment, however Plaintiff's repeated follow-up calls to the phone number in the message were futile. *Id.* ¶ 34. In July of 2021, a Neurology Clinic clerk explained to Plaintiff that the telephone call came from an inaccessible, off-site contractor and there had been many complaints from people who also failed repeatedly to call the contractor. *Id.* ¶ 35. Additionally, she explained there was nothing anyone could do about the failures of the system delaying appointment making, and nobody to whom any person with disabilities could speak about the issue. *Id.*

In September 2021, Plaintiff used part of his Neurology Clinic appointment with Dr. Janice Chou to discuss the clinic's appointment scheduling system, which was difficult for Plaintiff to engage with, given his difficulty hearing his phone and his tinnitus. *Id.* ¶ 36. Dr. Chou responded that there was nothing anyone could do. *Id.* On November 8, 2021, Plaintiff sent an e-

---

[1] The facts alleged in the Complaint are accepted as true solely for the purpose of this motion.

mail to H&H General Counsel Andrea Cohen, asking for help identifying the H&H ADA Coordinator; Plaintiff did not receive a response. *Id.* ¶¶ 39.

On November 17, 2021, Plaintiff went to an appointment in the Neurology Clinic and was told that his appointment was re-scheduled for mid-January 2022. *Id.* ¶ 43. Plaintiff refused to accept this, and complained loudly because the medical purposes of his visit were urgent. *Id.* In response, Dr. Chou came out into the crowded waiting area to explain that there was nothing the Plaintiff or she or anyone else could do. *Id.*

On November 17, 2021, Assistant Director Owen Williams in the Patient Advocacy office said, (a) neither he nor anyone else in the Advocacy office had ever heard of an ADA Coordinator or anything about an H&H employee designated to coordinate compliance with the ADA or Sec. 504; and (b) there was nothing he nor anyone else in the Advocacy office could do except to "call downtown" and wait for a call-back; and (c) there would be "follow-up" when "somebody gets back to me." *Id.* ¶ 46. On November 17, 2021, Plaintiff sent an e-mail to Williams confirming what had happened in the Advocacy office. Plaintiff did not receive a response to this e-mail. *Id.* ¶ 47.

On November 24, Plaintiff submitted eight e-mailed FOIL requests to H&H:

**Part A**:

- H&H FOIL request re ACA safeguards;
- H&H FOIL request re ACA & ADA safeguards.

**Part B**:

- H&H FOIL request re 28 CFR §35.106 re timely and continuing notice about the ADA;

- H&H FOIL request re 28 CFR §35.107 re (a) an accessible, responsible employee to coordinate timely ADA compliance, and (b) a timely grievance process to resolve ADA-related problems.

**Part C**:

- H&H FOIL request re 28 CFR §35.105 & 45 CFR §84.6(c) re H&H self-examination reports mandated by the ADA and Section 504.

**Part D**:

- H&H FOIL request re 45 CFR §84.8 re timely and continuing notice about the Sec. 504;

- H&H FOIL request re 45 CFR §84.7 re (a) an accessible, responsible employee to coordinate timely compliance with Sec. 504, and (b) a timely grievance process to resolve Sec. 504-related problems;

- H&H FOIL request re 45 CFR §84.6(a) re remedial action.

*Id.* ¶ 49

On November 29, H&H's Deputy Records Access Officer Carmen Genao sent Plaintiff serial e-mails acknowledging receipt of each of the FOIL requests; and she explained that the response time would be 20 business days. *Id.* ¶ 50. On November 29, Plaintiff sent an email to H&H Deputy Records Access Officer Carmen Genao, requesting reasonable accommodation for the materials that would be received due his slower comprehension. *Id.* ¶ 51. Plaintiff did not receive a response to this email. *Id.* ¶ 53.

On December 20, Plaintiff sent an e-mail to Genao asking to begin the process of examining any documents which were then retrieved, even if all the requested paperwork was not yet available for review. *Id.* ¶ 52. Plaintiff did not receive response to this e-mail or to the FOIL

requests. *Id.* ¶ 53. Plaintiff alleges that Defendant H&H engaged in stonewalling against him and continue to do so to this day. *Id.* ¶ 54.

Plaintiff makes a series of conclusory allegations surrounding H&H' alleged non-compliance with the ACA, specifically that:

- H&H failed to provide information regarding their compliance with ACA safeguards (*id.* ¶ 56);

- H&H failed to provide information regarding timely and continuing notice about the ADA (*id.* ¶ 61);

- H&H failed to identify an employee to coordinate timely ADA compliance in accordance with 28 CFR 35.107(a). (*id.* ¶ 66);

- H&H failed to identify a timely grievance process to resolve ADA-related problems as mandated by 28 CFR 35.107(b) (*id.* ¶ 71);

- H&H failed to provide timely and continuing ACA safeguards as mandated by 42 USC 1396a(a)(19) (*id.* ¶ 76);

- H&H failed to provide timely and continuing notice about the Rehabilitation Act (*id.* ¶ 81);

- H&H failed to identify an employee to coordinate timely compliance with the Rehabilitation Act (*id.* ¶ 86);

- H&H failed to identify a timely grievance process to resolve problems related to the Rehabilitation Act (*id.* ¶ 91);

- H&H failed to provide remedial action in compliance with 45 CFR 84.6(a) (*id.* ¶ 96);

- H&H discriminated under NYS Exec. Law 296(2-a)-(2-c) (*id.* ¶ 105);

- HH, when it informed him that HH does not give guidance pertaining to legal matters but would, upon request, refer him to a legal services provider, constructively blocked his access to HH and CMA programs (*id.* ¶¶ 124-126); and

- H&H committed a fraud and engaged in (undisclosed) discriminatory acts against him (*id.* ¶¶ 132, 139).

However, as laid out further below, these allegations are wholly conclusory in nature, fail to identify any H&H program, service, or activity to which he was allegedly denied access, and utterly fails to allege that any City employee discriminated against him on account of his disability. Thus, the Complaint should be dismissed.

## ARGUMENT

In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court merely assesses the legal feasibility of the complaint and does not weigh the evidence that may be offered at trial. *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998); *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). All factual allegations in the complaint must be accepted as true, and the complaint must be viewed in the light most favorable to the plaintiff. *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir. 1991). That said, conclusory allegations are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Nor must the court "accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice." *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 405–06 (S.D.N.Y. 2001) (citations omitted).

A motion to dismiss should be granted unless plaintiff has pled a set of facts that plausibly states a claim for relief. *Bell Atlantic Corp., v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (*citing Twombly*, 550 U.S. at 555). "When the well-pleaded facts 'do not permit the court to infer more than the mere possibility of misconduct,' the court must grant a motion to dismiss." *Yamashita v. Scholastic Inc.*, 936 F.3d 98, 104 (2d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 679).

Although a court is limited to the facts stated in the complaint, for purposes of a Rule 12(b)(6) motion, the complaint includes any documents attached as exhibits and any documents incorporated by reference. *See Paulemon v. Tobin*, 30 F.3d 307, 308-09 (2d Cir. 1994); *Cortec Industries, Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 47 (2d Cir. 1991), *cert. denied*, 503 U.S. 960 (1992). Further, a court resolving a motion to dismiss the complaint may also consider matters of which judicial notice may be taken. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Pursuant to Fed. R. Evid. 201, the Court may take judicial notice of facts "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably challenged." This includes matters of public record. *Lakonia Management Ltd. v. Meriwether*, 106 F. Supp. 2d 540 (S.D.N.Y. 2000) (*citing Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998), *cert. denied*, 525 U.S. 1103 (1999)), *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995).

In deciding a motion to dismiss, *pro se* submissions "must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis removed) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). A *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). This is particularly important where "the *pro se* plaintiff alleges that his civil rights have been violated." *Id*. (quoting *Sealed Pl. v. Sealed Def.*, 537 F.3d 185, 191 (2d Cir. 2008)).

Thus, a *pro se* complaint "must contain sufficient factual allegations to meet the plausibility standard." *McAllister v. Conn. Renaissance, Inc.*, 496 Fed. App'x 104, 105 (2d Cir. 2012) (citing *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)). While the court must "draw the most favorable inferences that plaintiff's complaint supports, [it] cannot invent factual allegations that he has not pled." *Costabile v. N.Y.C. Health & Hosps. Corp.*, 951 F.3d 77, 81 (2d Cir. 2020) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). Even liberally construed, Plaintiff has failed to plead a set of facts that supports the granting of relief; thus, the Complaint should be dismissed.

POINT I

**PLAINTIFF FAILS TO STATE A CLAIM UNDER TITLE II OF THE ADA, SECTION 504 OF THE REHABILITATION ACT OF 1973, NEW YORK STATE HUMAN RIGHTS LAW, OR THE NEW YORK CITY HUMAN RIGHTS LAW**

To state a claim for liability under Title II of the ADA, the plaintiff must allege: "(1) that [he] is a qualified individual with a disability; (2) the defendant is subject to one of the Acts; and (3) that [he] was denied the opportunity to participate in or benefit from the defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of [his] disability." *Dean v. Univ. at Buffalo Sch. Of Med. & Biomedical Scis.*, 804 F.3d 178, 187 (2d Cir. 2015) (citation and internal quotation marks omitted). To state a claim under § 504 of the Rehabilitation Act, plaintiff must allege the same three elements plus that the defendant receives federal funding. *See Askins v. City of N.Y.*, U.S. Dist. 1:22-cv-9277(LTS) LEXIS 220076, *10 (S.D.N.Y Dec. 5, 2022) (citing *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003)). Because the standards under Title II of the ADA and the Rehabilitation Act are generally the same and the subtle distinctions between the statutes are not implicated, the analysis is identical. *Askins*, U.S. Dist. LEXIS 220076 at *10 (citing *Wright v. N.Y. State Dep't of Corrs.*, 831 F.3d 64, 72 (2d Cir. 2016) (quoting *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003))). As relevant here, plaintiff's State and City Human Rights Law "disability discrimination claims are governed by the same legal standards as federal ADA claims." *I.M. v. City of New York*, 178 A.D.3d 126, 135 (1st Dept 2019) (citing *Pimentel v. Citibank, N.A.*, 29 A.D.3d 141, 147 n.2 (1st Dept 2006).[2]

---

[2] Defendant recognizes New York City Human Rights Law is as or more protective than state and federal discrimination laws. *I.M.*, 178 A.D.3d at 135. However, this motion demonstrates Plaintiff's claim fail because he completely fails to identify any program, service, activity, or benefit about which he alleges he was denied access.

Here, because Plaintiff has failed to identify a program, service, or activity from which he was excluded or that any alleged deprivation was by reason of his disability, he has failed to state a claim and judgment must be entered in favor of H&H.

A "qualified individual with a disability" is someone who, among other things, "meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2); *see also* 29 U.S.C. § 705(20). Relevant here is that portion of that definition that speaks to "*programs or activities* provided by a public entity" (emphasis added). Plaintiff has failed to identify even a single program, service, or activity from which he was allegedly excluded. Rather, he recites a litany of complaints about requests for information and/or documents for which he claims he did not receive satisfactory responses. The provision of information is not a program, service, or activity. Plaintiff's repeated general statements that H&H has engaged in discriminatory policies and practices for years, is simply insufficient – even for a *pro se* plaintiff – to state a claim for which relief may be granted. *See e.g. Maccharulo v. Gould*, 643 F. Supp. 2d 587, 602 (S.D.N.Y, 2009) (dismissing plaintiff's claim for failure to identify how the decedent was excluded from a program, benefit, service, or activity by reason of his disability, as he instead only made general statements and did not allege how any Entity Defendant engaged in unlawful discriminatory conduct).

While Plaintiff makes certain allegations about difficulties he encountered when attempting to use H&H's appointment scheduling system, he claims that the problem he encountered was caused by his not hearing his own phone ring. Complaint, ¶ 36. He does not claim that the system was problematic or that he had asked to be contacted in a different manner. To the extent that he claims that he was unable to follow up to re-schedule an appointment using the automated system, he does not allege any facts that support a claim that the futility was on

account of his alleged disability. Complaint, ¶¶ 34, 36 (claiming that "the system used by the Neurology Clinic to schedule appointments targeted a very specific disability" but failing to identify what the alleged disability was, whether or not he suffered from such disability, or what aspect of the system was allegedly inaccessible thereby resulting in the "futility"). Thus, it is clear that Plaintiff has failed to allege a set of facts that plausibly states a claim for relief.

Beyond that, even if the court were able to identify a particular program or activity in the Complaint in which Plaintiff had been unable to participate in, there are no facts in the Complaint to support a claim that such denial was the result of discrimination against him by reason of his disability. Rather than providing any facts that suggest that an alleged disability was the cause of Plaintiff's difficulties, he relies upon wholly conclusory statements that H&H has had discriminatory policies and practices for years. He does not identify any such policies or practices. Accordingly, Plaintiff's claims fail for that reason, too. *See Askins* 2022 U.S. Dist. LEXIS 220076 at *3 (dismissing the case for failure to state a claim by plaintiff, a wheelchair-bound paraplegic who believed that individuals employed at a New York Police Department precinct discriminated against him, because he "alleged no facts . . . showing that he was denied the opportunity to participate in or benefit from the City of New York's (NYPD's) service, programs, or activities, or was otherwise discriminated against by the City of New York (NYPD), *by reason* of his disability."); *Narvaez v. City of New York*, 2017 U.S. Dist. 16 Civ. 1980 LEXIS 59764, *38-39 (S.D.N.Y. Apr. 17, 2017) ("Plaintiff's allegations do not suggest that Defendants denied him participation in any program or service because of his mental health issues or any other disability.").

Secondly, Plaintiff alleges he did not receive response to his FOIL requests (Complaint, ¶ 53). However, Plaintiff does not allege in the Complaint that he was denied a

response to his FOIL requests based on his disability.[3] Accordingly, to the extent he did not get satisfactory responses, there is an alternative remedy in place to address issues of this nature. The New York Executive Law and Civil Practice Law and Rules Article 78 sets forth the manner by which an individual must seek review of the denial[4] of a FOIL request. Thus, it is again clear that Plaintiff has failed to state a discrimination claim with respect to his FOIL requests as he has again not alleged any relationship to an alleged disability. Thus, he was required to exhaust his administrative remedies and then, if still unsatisfied, bring an Article 78 proceeding challenging the FOIL response.

Accordingly, Plaintiff's claims under Title II of the ADA, Section 504 of the Rehabilitation Act, the New York State Human Rights Law, and the New York City Human Rights Law fail and the Complaint should be dismissed.

---

[3] Plaintiff's claim – to the extent that there is one – concerning his FOIL requests was that he asked for additional time to review records produced in response to those requests. He does not allege that he needed or was denied a sufficient amount of time to review the records – rather, his complaint here appears to be that sufficient records were not produced.

[4] It appears that Plaintiff alleges that his FOIL requests were constructively denied. Complaint, ¶¶ 53-54 (defendants were "stonewalling" him by not responding).

POINT II

**42 U.S.C. 1396A(A)(19) DOES NOT PROVIDE
A PRIVATE RIGHT OF ACTION.**

To obtain redress under 42 USC § 1983, "a plaintiff must assert the violation of a federal right, not merely a violation of federal law." *Blessing v. Freestone*, 520 U.S. 329, 340, 117 S. Ct. 1353, 137 L. Ed. 2d 569 (1997); *accord NextG Networks of NY, Inc. v. City of New York*, 513 F.3d 49, 52 (2d Cir. 2008). Accordingly, "Section 1983 is only a grant of a right of action; the substantive right giving rise to the action must come from another source." *Backer v. Shah*, 788 F.3d 341, 344 (2d Cir. 2015) (citing *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995)).

Here, Plaintiff purports to bring a claim under 42 U.S.C. § 1396a(a)(19), which requires state Medicaid plans to "provide such safeguards as may be necessary to assure that eligibility for care and services under the plan will be determined . . . in a manner consistent with simplicity of administration and the best interests of the recipients." *Id.* However, the Second Circuit has explicitly held that Section 1396a(a)(19) is too vague and amorphous to create a Section 1983 private right of action. *See id.* ("both 'simplicity of administration' and 'the best interests of . . . recipients' provides no workable standard for judicial decision making . . . recognition of a private right of action to enforce such terms would truly strain judicial competence to a breaking point.").

Accordingly, because there is no private right of action, Plaintiff's claim necessarily fails and the Court should dismiss the Complaint.

POINT III

**IF THE COURT ELECTS NOT TO DISMISS PLAINTIFF'S NON-FEDERAL CLAIMS ON THE MERITS, IT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION AND DISMISS THEM.**

Plaintiff's state law claims against H&H should be dismissed. For the reasons detailed in Points I–III, *supra*, Plaintiff's federal claims should be dismissed. Thus, though the state law claims follow a similar legal standard, if the Court elects not to determine whether or not Plaintiff has sufficiently pled such claims, H&H respectfully submits that the Court should decline to exercise supplemental jurisdiction over them and dismiss them pursuant to 28 U.S.C. § 1367(c)(3). *See Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) ("[I]t is axiomatic that a court should decline to exercise jurisdiction over state-law claims when it dismisses the federal claims prior to trial."). *See also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("Where federal claims in an action premised on federal question jurisdiction are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.") (quoting *Castellano v. Board of Trustees*, 937 F.2d 752, 758 (2d Cir. 1991)). *see also Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Accordingly, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims in light of the fact that Plaintiff's federal claims against H&H all fail.

## CONCLUSION

For the reasons set forth herein, the Complaint should be dismissed.

Dated:     New York, New York
           July 14, 2023

                                      **HON. SYLVIA O. HINDS-RADIX**
                                      Corporation Counsel of
                                          the City of New York
                                      Attorney for the New York City
                                          Health & Hospitals Corp.
                                      100 Church Street, Room 2-126
                                      New York, New York  10007
                                      (212) 356-2087
                                      e-mail: SKitzing@law.nyc.gov

                             By:    s/Stephen Kitzinger
                                        Stephen Kitzinger
                                        Assistant Corporation Counsel

On the brief,
      Philip Chun
      Summer Honors Intern

-15-