UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RONALD DAVIDSON,

               Plaintiff,

    -against-

NYC HEALTH AND HOSPITALS
CORPORATION,

               Defendant.

22-cv-764 (AS)

ORDER GRANTING REQUEST FOR
PRO BONO COUNSEL

---

ARUN SUBRAMANIAN, United States District Judge:

At a hearing on November 28, 2023, Plaintiff informed the Court that appointment of pro bono counsel would be helpful. For the following reasons, this Court will grant Plaintiff's request for pro bono counsel.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the

"precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (*See* Dkt. 4). And there is no evidence that his financial situation has changed since then. Plaintiff therefore qualifies as indigent.

In his complaint, Plaintiff asserts claims under Title II and the Rehabilitation Act, alleging that he is disabled and that NYC Health and Hospitals Corporation (H&H) failed to provide him meaningful access to its services. Among other things, Plaintiff says that H&H's scheduling system discriminates against those with hearing issues. Plaintiff also alleges that he suffers from cognitive

issues and that H&H abruptly cut off the accommodations it was giving him to help him navigate his care. On December 4, 2023, the Court granted in part and denied in part H&H's motion to dismiss the complaint, allowing Plaintiff's Title II and Rehabilitation Act claims to survive. So the Court has found that some of Plaintiff's claims are "likely to be of substance," *Hodge*, 802 F.2d 61-62.

The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application. This case will require discovery; there seems to be conflicting evidence implicating the need for cross-examination; there are allegations of retaliation against Plaintiff; and Plaintiff suffers from cognitive-functioning issues that make it particularly difficult for him to litigate this case. In sum, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for counsel is granted. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, some time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case pro se. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not. The Court has established a Pro Bono Fund to encourage greater attorney representation of *pro se* litigants. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

SO ORDERED.

Dated:   December 4, 2023
         New York, New York

_____
ARUN SUBRAMANIAN
**United States District Judge**